# UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re: JOHN C. WELKE § Case No. 14-11629
§ Hon. TIMOTHY A. BARNES
§ Chapter 7
§

Debtor(s)

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 03/31/2014.

The undersigned trustee was appointed on 03/31/2014.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S. C. § 522, or have been or will be abandoned pursuant to 11 U.S. C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                         $4,801.05

   Funds were disbursed in the following amounts:

   Payments made under an interim distribution _____
   Administrative expenses                    _____
   Bank Service Fees                          _____
   Other payments to creditors                _____
   Non-estate funds paid to 3rd Parties       _____
   Exemptions paid to the debtor              _____
   Other payments to the debtor               _____

   Leaving a balance on hand of [1]                $4,801.05

The remaining funds are available for distribution.

UST Form 101-7-TFR (5/1/2011)

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 08/15/2014 and the deadline for filing governmental claims was 09/29/2014. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,200.26. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $1,200.26, for a total compensation of $1,200.26 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $35.84, for total expenses of $35.84 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 09/30/2014     By: /s/ ALLAN J. DeMARS
                         Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**UST Form 101-7-TFR (5/1/2011)**

**EXHIBIT "A"  FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Case No. 14-11629

Case Name: JOHN C. WELKE

For Period Ending: 3/31/15

Trustee Name: Allan J. DeMars

Date Filed (f) or Converted (c): 3/31/14 (F)

§341(a) Meeting Date: 5/14/14

Claims Bar Date: 8/15/14 (GOVT 9/29/14)

| 1 | | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) Ref # | | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§ 554(a) abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1 | cash | 5.00 | 5.00 | | 5.00 | FA |
| 2 | Chase account xx4285 | 0.00 | 0.00 | | | FA |
| 3 | Chase account xx5611 | 0.00 | 0.00 | | | FA |
| 4 | prepaid debit card | 17.67 | 17.47 | | 17.47 | FA |
| 5 | household goods | 200.00 | 200.00 | | 200.00 | FA |
| 6 | books, pictures | 75.00 | 75.00 | | 75.00 | FA |
| 7 | wearing apparel | 1,500.00 | 0.00 | | | FA |
| 8 | costume jewelry | 100.00 | 100.00 | | 100.00 | FA |
| 9 | term life ins policy | 0.00 | 0.00 | | | FA |
| 10 | Prudential Ins policy | 2,375.50 | 2,375.50 | | 2,375.50 | FA |
| 11 | Prudential ins policy | 4,056.21 | 56.21 | | 56.21 | FA |
| 12 | Prudential ins policy | 1,971.87 | 1,971.87 | | 1,971.87 | FA |
| 13 | tax refund | 0.00 | 0.00 | | | FA |

TOTALS (Excluding unknown values)        4,801.05            4,801.05

(Total Dollar Amount in Column 6)

EXHIBIT "B"  FORM 2
**CASH RECEIPTS AND DISBURSEMENT RECORDS**

Case No.: 14-11629　　　　　　　　　　　　　　　Trustee's Name: Allan J. DeMars
Case Name: JOHN C. WELKE　　　　　　　　　　　　Bank Name: Wells Fargo
Taxpayer ID#: XX-XXX3485　　　　　　　　　　　 Initial CD #: CDI
For Period Ending: 3/31/15　　　　　　　　　　　Blanket bond (per case limit): 5,000,000
　　　　　　　　　　　　　　　　　　　　　　　　Separate bond (if applicable):
　　　　　　　　　　　　　　　　　　　　　　　　Checking acct#: xxxxxx5254

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid to/ Received from | Description of Transaction | Uniform Transaction Code | Deposit $ | Disbursement $ | Checking Acct Bal. |
| 5/23/14 | Ref: 1 4 5 6 8 10 11 12 | from debtor for right, title and interest; 5 money orders (4 for $1,000 and 1 for $801.05) | cash 5.00<br>prepaid debit 17.47<br>household goods 200.00<br>books, pictures 75.00<br>costume jewelry 100.00<br>Pru Life Ins 2,375.50<br>Pru Life Ins 56.21<br>Pru Life Ins 1,971.87 | 1129-000<br>1129-000<br>1129-000<br>1129-000<br>1129-000<br>1129-000<br>1129-000<br>1129-000 | 1,000.00<br>1,000.00<br>1,000.00<br>1,000.00<br>801.05 | | 4,801.05 |

　　　　　　　　　　　　　　　　　　　　　COLUMN TOTALS
　　　　　　　　　　　Less: Bank transfers/CD
　　　　　　　　　　　Subtotal
　　　　　　　　　　　Less: Payments to debtor(s)
　　　　　　　　　　　Net　　　　　　　　　　　　　4,801.05　　　0.00　　4,801.05

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　NET
TOTAL - ALL ACCOUNTS　　　　　　　　　　　NET DEPOSITS　DISBURSEMENTS　BALANCES
Checking# XXXX5254　　　　　　　　　　　　　4,801.05　　　0.00　　4,801.05
Money Market #
Savings #
CD #CDI
Net　　　　　　　　　　　　　　　　　　　　　4,801.05　　　0.00　　4,801.05
　　　　　　　　　　　　　　　　　　　　　Excludes account　Excludes payments　Total Funds
　　　　　　　　　　　　　　　　　　　　　　transfers　　　　to debtor　　　　on Hand

EXHIBIT C: CLAIMS REVIEW ANALYSIS
BAR DATE: 8/15/14; govt 9/29/14

| CLAIM # | DATE FILED | NAME | AMOUNT | PROPOSED DIST. |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  | UNSECURED |  |  |
| 1 | 5/19/14 | American InfoSource LP as agent for Midland Funding | 2,836.53 | 193.15 |
| 2 | 5/20/14 | Discover Bank | 8,621.64 | 587.08 |
| 3 | 5/29/14 | Fifth Third Bank | 7,330.02 | 499.13 |
| 4 | 7/7/14 | American InfoSource agent for Verizon | 984.39 | 67.03 |
| 5 | 7/31/14 | Capital Recovery V, LLC | 657.90 | 44.80 |
| 6 | 8/5/14 | Resurgent Capital Services | 8,907.29 | 606.53 |
| 7 | 8/6/14 | Capital One NA | 1,802.46 | 122.74 |
| 8 | 8/12/14 | Portfolio Recovery Assoc successor to GE Capital Retail Bank | 2,048.57 | 139.49 |
|  |  |  |  |  |
|  |  |  | 33,188.80 | 2,259.95 |
|  |  |  |  |  |

Exhibit D

# TRUSTEE'S PROPOSED DISTRIBUTION

Case No: 14-11629
Case Name: JOHN C. WELKE
Trustee Name: ALLAN J. DeMARS

**Balance on hand:** $4,801.05

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| | NONE | $0.00 | $0.00 | $0.00 | $0.00 |

Total to be paid to secured creditors: $0.00
Remaining balance: $4,801.05

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| *Trustee, Fees* | ALLAN J. DeMARS | $1,200.26 | $0.00 | $1,200.26 |
| *Trustee, Expenses* | ALLAN J. DeMARS | $35.84 | $0.00 | $35.84 |
| *Attorney for Trustee, Fees* | ALLAN J. DeMARS | $1,305.00 | $0.00 | $1,305.00 |
| *Attorney for Trustee, Expenses* | ALLAN J. DeMARS | $0.00 | $0.00 | $0.00 |
| *Accountant for Trustee, Fees* | | | | |
| *Accountant for Trustee, Expenses* | | | | |
| *Auctioneer, Fees* | | | | |
| *Auctioneer, Expenses* | | | | |
| *Charges,* | U.S. Bankruptcy Court | | | |
| *Fees,* | United States Trustee | | | |
| Other | | | | |

Total to be paid for chapter 7 administrative expenses : $2,541.10
Remaining balance: $2,259.95

UST Form 101-7-TFR (5/1/2011)

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| *Attorney for Debtor, Fees* | | | |
| *Attorney for Debtor, Expenses* | | | |
| *Attorney for            , Fees* | | | |
| *Attorney for            , Expenses* | | | |
| *Accountant for            , Fees* | | | |
| *Accountant for            , Expenses* | | | |
| Other | | | |

Total to be paid for prior chapter administrative expenses: $0.00
Remaining balance: $2,259.95

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling _____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | NONE | $0.00 | $0.00 | $0.00 |

Total to be paid for priority claims: $0.00
Remaining balance: $2,259.95

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling ____$33,188.80___ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be ___6.8___ percent, plus interest (if applicable).

**UST Form 101-7-TFR (5/1/2011)**

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | American InfoSource LP agent for Midland Funding | $2,836.53 | $0.00 | $193.15 |
| 2 | Discover Bank | $8,621.64 | $0.00 | $587.08 |
| 3 | Fifth Third Bank | $7,330.02 | $0.00 | $499.13 |
| 4 | American InfoSource agent for Verizon | $984.39 | $0.00 | $67.03 |
| 5 | Capital Recovery V, LLC | $657.90 | $0.00 | $44.80 |
| 6 | Resurgent Capital Services | $8,907.29 | $0.00 | $606.53 |
| 7 | Capital One NA | $1,802.46 | $0.00 | $122.74 |
| 8 | Portfolio Recovery Assoc successor to GE Capital Retail Bank | $2,048.57 | $0.00 | $139.49 |

Total to be paid for timely general unsecured claims:  $2,259.95
Remaining balance:  $0.00

Tardily filed claims of general (unsecured) creditors totaling ___$0.00___ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be ___0___ percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
|  | NONE | $0.00 | $0.00 | $0.00 |

Total to be paid for tardy general unsecured claims:  $0.00
Remaining balance:  $0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling ___$0.00___ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be ___0___ percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
|  | NONE | $0.00 | $0.00 | $0.00 |

Total to be paid for subordinated claims:  $0.00
Remaining balance:  $0.00

**UST Form 101-7-TFR (5/1/2011)**